UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWAN PIERCE THURMOND,

                Plaintiff,

v.

PROPERTY AND CASUALTY
INSURANCE COMPANY OF
HARTFORD, ET AL.,

                Defendants.
_____/

Case No. 16-10333

Paul D. Borman
United States District Judge

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYMENT OF FEES OR COSTS (ECF No. 2);
(2) DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) (ECF No. 1)
AND FOR LACK OF JURISDICTION; AND (3) CERTIFYING PURSUANT TO 28 U.S.C. §
1915(a)(3) THAT NO APPEAL MAY BE TAKEN *IN FORMA PAUPERIS*

The matter now before the Court is Plaintiff Dawan Pierce Thurmond's "Application to proceed in District Court without Prepayment of Fees or Costs." (ECF Nos. 2.) For the reasons set forth below, the Court will GRANT Plaintiff's Application to Proceed without Prepayment of Fees or Costs but will dismiss the Complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for lack of subject matter jurisdiction.

    I.      Background

Plaintiff was a passenger in motor vehicle involved in serious accident on October 19, 2013 in Wayne County. (Compl. at 1-2.) Plaintiff sustained severe injuries from the accident. (*Id*.) In October 2014, Plaintiff, represented by counsel, filed a civil action against Property and Casualty Insurance Company of Hartford ("Hartford") and the Michigan Assigned Claims Plan relating to his motor vehicle accident in the 3rd Circuit Court of Michigan. (*Id*.) In that civil

action, Plaintiff seeks payment of benefits allegedly owed to him under Michigan's No-Fault Insurance Act. (Compl., Ex. A.)

In November, 2015, the state court apparently denied Hartford's motion for summary judgment and denied Plaintiff's motion for summary judgment against the Michigan Assigned Claims Plan.[1] (Compl. at. 5.) In December 2015, the parties were involved in a case evaluation. (*Id.*) Thereafter, the state court ordered an independent medical examiner to evaluate Plaintiff. (*Id.*) Plaintiff alleges that Hartford's counsel conspired with the Oakland County Sheriffs to have Plaintiff arrested on a felony warrant when he was leaving his appointment with the independent medical examiner. (*Id.*)

On January 6, 2016, Plaintiff's civil counsel moved to withdraw from his state action.[2] (*Id.* at 6.) Then, on February 1, 2016, Plaintiff filed the current action against Defendants Hartford and the Michigan Assigned Claims Plan which purports to remove his on-going state action and seeks a declaratory judgment. (ECF No. 1.)

II. Application to Proceed without Prepayment of Fees or Costs

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that

---

[1] It is unclear from the attached "Register of Actions" the disposition of the summary judgment motions filed in the state court, or which party filed which motion. (Ex. A, at 3-4.)

[2] On January 6, 2016, Plaintiff attempted to remove that criminal action to federal court. (*See Thurmond v. Judge Andrea Andrews Larkin*, case no. 16-cv-10035 (Tarnow, J.)). Plaintiff's attempt to remove his criminal action was summarily denied. (*See Id.*, ECF no. 5, Order for Summary Remand). Plaintiff has unsuccessfully attempted to remove criminal actions to this court on at least two other occasions. (*See Thurmond, et al. v. Cooper*, case no. 16-10246 (Michelson, J.), at ECF No. 6, Order Denying Removal; *Thurmond v. Oakland Cnty. Cir. Judge Langford-Morris*, No. 14-12701 (Michelson, J.), at ECF No. 4, Order Denying Removal).

he or she is "unable to pay such fees or give security therefor." In the instant action, Plaintiff has supplied an affidavit which provides that he is not employed and receives no salary, he has no savings or any other sources of income, and he is also responsible for $150,000 in medical bills. (ECF No. 2.) Based on this information the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

However, the Court is also required under 28 U.S.C. § 1915 to dismiss a complaint filed without prepayment of fees that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2). ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of the section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)). An action must be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Under § 1915(e), courts may dismiss a complaint not only when it is 'based on an indisputably meritless legal theory' but also when the 'factual contentions [on which it relies] are clearly baseless.'" *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (quoting *Neitzke*, 490 U.S. at 327). A complaint that is legally frivolous "*ipso facto*" fails to state a claim upon which relief can be granted. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328-29). Therefore, the "complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a plaintiff must provide more than just bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). While specific facts are not necessary, the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Twomby*, 550 U.S. at 555).

### III. Removal

It appears from Plaintiff's complaint and civil cover sheet that he is attempting to remove his two-year-old civil case from the 3rd Judicial Circuit of Michigan. However, in addition to failing to follow any of the proper procedures to remove a civil action (including filing a Notice of Removal per 28 U.S.C. § 1446(b)), Plaintiff's attempt at removal is improper because Plaintiff is attempting to remove a case in which he is the named *plaintiff*. This cannot be done. *See* 28 U.S.C. § 1446(a) ("A *defendant* or *defendants* desiring to remove any civil action....") (emphasis added); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*...") (emphasis added). Accordingly, Plaintiff's attempt at removing his own civil action form state court is improper and frivolous on its face.

IV.     Request for Declaratory Judgment

In addition to attempting to remove his own civil case pending in the 3rd Circuit Court of Michigan, Plaintiff also seeks a declaratory judgment from this Court to determine whether "the No-Fault Act" applies to Plaintiff's state law claims and determine the amount of benefits owed to Plaintiff under the same.  (Compl. at 8.)  Plaintiff asserts that the state court denied Hartford's motion for summary judgment "but failed to enter an order to that effect which makes the ruling itself non effects [sic] and / or Nullity."  (Compl. at 6.)  Plaintiff goes on to argue that because of this failure, the state court "erred and abused its discretion."  (*Id.*)

The Court finds that it lacks proper subject matter jurisdiction over Plaintiff's request for a declaratory judgment.  *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (recognizing that a court can and should raise a lack of subject matter jurisdiction *sua sponte.*); *see also* FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  The Declaratory Judgment Act does not confer jurisdiction upon a federal court; a complaint that seeks relief under the Act must state an independent source of jurisdiction.  *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, (1950); *Marel v. LKS Acquisitions, Inc.*, 585 F.3d 279 (6th Cir. 2009) (Mem. Op.) ("The federal Declaratory Judgment Act did not expand the scope of federal subject matter jurisdiction.").  "The point of the statute is to create a remedy for a preexisting right enforceable in federal court.  It does not provide 'an independent basis for federal subject matter jurisdiction.'" *Mich. Corr. Org. v. Mich. Dept. of Corr.*, 774 F.3d 895, 902 (6th Cir. 2014) (quoting *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007)).

In this action, Plaintiff seeks a declaratory judgment awarding him benefits pursuant to Michigan's No-Fault Act. The dispute does not implicate any federal question and there is no diversity between the parties.[3] Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claim.

V.   Conclusion

For all these reasons, the Court GRANTS Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2) and DISMISSES Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and because this Court lacks subject matter jurisdiction (ECF No. 1).

Further, the Court CERTIFIES that any appeal from this decision would be frivolous and not taken in good faith. Therefore, an appeal may not be taken from this decision *in forma pauperis* under 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2016

---

[3] The Court notes that Plaintiff is a resident of Michigan and one of the named defendants is "Michigan Assigned Claims Plan." Further, Plaintiff indicated on his civil cover sheet that the citizenship of all the defendants is Michigan.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 22, 2016.

                                              s/Deborah Tofil
                                              Case Manager